UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRAIG & JUAN, CO-HAD OF HOUSEKEEPING RECORDS d/b/a CRAIG # 305 & JUAN # [1]615; UNDER HOTEL "MELA" MGMT; SEÑOR N. DOMINGUEZ; PEOPLE #1 d/b/a J.D.N.U.; ET AL., <br><br>                              Plaintiffs, <br><br>                         -against- <br><br> DISRESPECTFUL "SUS"; CLIENT/SERVANT JOHN DOE #1; & THEIR ASSOCIATED UNION/GROUP; JOHN DOES 2-9; JANE DOES 1-9; ET AL., <br><br>                              Defendants. | 20-CV-8071 (CM) <br><br> ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs "Craig & Juan" bring this action *pro se*.[1] To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

---

[1] It appears that several companies are named as Plaintiffs in the caption of the complaint, which includes only the signature of "Craig & Juan" and another illegible signature. Partnerships and limited liability companies may not appear without counsel. *See Lattanzio v. COMTA*, 481 F.3d 137 (2d Cir. 2007) ("[W]e hold that a sole member limited liability company must be represented by counsel to appear in federal court."); *Jones v. Niagara Frontier Transp. Auth.,* 722 F.2d 20, 22 (2d Cir. 1983) (noting that a corporation cannot proceed *pro se*). Moreover, as a *pro se* litigant, Plaintiffs "Craig & Juan" cannot act on behalf of another. *See U.S. ex rel. Mergent Servs. v. Flaherty,* 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)); *Iannaccone v. Law,* 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). Accordingly, Plaintiffs "Craig & Juan" may not appear *pro se* on behalf of any of the entities listed in the caption.

Plaintiffs submitted their complaint with one hand-written request to proceed IFP, signed by "Craig & Juan" and another illegible signature. This hand-written request does not provide the required information to aid the Court in determining each Plaintiff's ability to pay the filing fees. Within thirty days of the date of this order, Plaintiffs must either pay the $400.00 in fees or each Plaintiff must submit a completed and signed IFP application. If Plaintiffs submit IFP applications, each application should be labeled with docket number 20-CV-8071 (CM). If the Court grants the IFP applications, Plaintiffs will be permitted to proceed without prepayment of filing fees. *See* 28 U.S.C. § 1915(a)(1).

## CONCLUSION

Plaintiffs did not provide physical or email addresses to the Court. Should Plaintiffs return to the Court within thirty days, the Clerk of Court is directed to (1) provide Plaintiffs with copies of this order and IFP applications which they must each complete and sign, and (2) note service on the docket.

Plaintiffs must provide to the Court their addresses, and the Court may dismiss the action if Plaintiffs fail to do so.[2] No summons shall issue at this time. If Plaintiffs comply with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiffs fail to comply with this order within the time allowed, the action will be dismissed.

---

[2] Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *see Fields v. Beem*, No. 13-CV-0005 (GTS/DEP), 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint.") (collecting cases).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  October 7, 2020
        New York, New York

                                        COLLEEN McMAHON
                                  Chief United States District Judge